# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MARIA JIMENEZ, | Case No.: 2:19-cv-00984-APG-VCF |
| Plaintiff | **Order (1) Granting in Part and Denying in Part Motion to Dismiss, (2) Denying Motion to Bifurcate, and (3) Granting Leave to Amend** |
| v. | |
| GEICO GENERAL INSURANCE COMPANY, | [ECF Nos. 7, 8] |
| Defendant | |

      Plaintiff Maria Jimenez sues her insurer, defendant GEICO General Insurance Company (GEICO), following a car accident in which she was injured. Jimenez alleges that the at-fault driver's $100,000 insurance policy was insufficient to cover her injuries, so she submitted a claim with GEICO for underinsured motorist (UIM) coverage. ECF No. 1-1 at 3. Jimenez alleges that she submitted to an independent medical exam, but GEICO offered her only $5,500 and refused to explain how it valued her claim. *Id.* at 5. Based on these allegations, Jimenez asserts claims for breach of contract, contractual breach of the implied covenant of good faith and fair dealing, tortious breach of the implied covenant of good faith and fair dealing, and unfair claims handling practices.

      GEICO moves to dismiss, arguing that the facts alleged in the complaint show only a dispute as to the value of her claim and do not plausibly allege bad faith. GEICO also argues that Jimenez does not allege a contractual breach of the implied covenant because she simply repeats her breach of contract allegations. GEICO also moves to dismiss the unfair practices claim, arguing that Jimenez does not allege what GEICO did or did not do or how those acts or omissions violated the statutory provisions. GEICO also moves to dismiss Jimenez's bad faith

claim as premature until the breach of contract claim is resolved. Alternatively, GEICO moves to bifurcate and stay discovery and trial on the bad faith claim until after the breach of contract dispute is resolved.

Jimenez responds that this is more than a valuation dispute. Rather, she contends, GEICO deliberately delayed responding to her claim and obtained a biased doctor to perform the independent medical exam to make Jimenez accept a lower amount to settle her claim. She also argues that given the evidence of her injuries and future treatment, GEICO had no reasonable basis to deny her claim and it knew that it had no reasonable basis, as shown by its failure to explain its valuation decision despite multiple requests for the basis of its decision. As for her unfair practices claim, Jimenez argues that the delay in scheduling the independent medical exam, the examination under oath, and failure to provide an explanation of how it valued her claim plausibly set forth GEICO's failure to act with reasonable promptness and effectuate prompt and fair settlement of her claim, as well as its failure to provide a reasonable basis for its decision. Finally, Jimenez argues her bad faith claim is not premature and should not be bifurcated because it is intertwined with her breach of contract claim.

I grant GEICO's motion to dismiss Jimenez's claims for contractual and tortious breach of the implied covenant. I grant GEICO's motion to dismiss portions of Jimenez's unfair practices claim, but I deny the motion as to one portion of that claim. I grant Jimenez leave to amend her dismissed claims. Finally, I deny GEICO's motion to bifurcate and stay.

**I. ANALYSIS**

    **A. Motion to Dismiss**

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v.*

*Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, I do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

### 1. Contractual Breach of the Implied Covenant

GEICO argues that a claim for a contractual breach of the implied covenant is limited to commercial contracts and does not apply in the insurance context. Alternatively, GEICO argues that the complaint fails to state a claim because it repeats the breach of contract allegations for this claim, and a breach of the contract's literal terms cannot simultaneously support a breach of the implied covenant. Jimenez responds that she need not allege that GEICO complied with the contract in order to state a claim for breach of the implied covenant. Alternatively, she argues GEICO dragged its feet and required her to jump through unnecessary hoops in an effort to delay payment on her claim.

Nevada law implies a covenant of good faith and fair dealing in every contract. *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 808 P.2d 919, 922-23 (Nev. 1991). "Where the terms of a contract are literally complied with but one party to the contract deliberately countervenes the intention and spirit of the contract, that party can incur liability for breach of the implied covenant of good faith and fair dealing." *Id.* "This cause of action is different from one for breach of contract because it requires literal compliance with the terms of the contract." *Stebbins v. Geico Ins. Agency*, No. 2:18-cv-00590-APG-GWF, 2019 WL 281281, at *2 (D. Nev. Jan. 22, 2019). "It is well established that a claim alleging breach of the implied covenants of good faith

3

and fair dealing cannot be based on the same conduct establishing a separately pled breach of contract claim." *Id.* (quotation omitted). A plaintiff may plead both breach of contract and breach of the implied covenants as alternative theories of liability, but "all elements of each cause of action must be properly pleaded." *Id.*

GEICO cites no authority for the proposition that a claim for contractual breach of the implied covenant cannot lie against an insurer. I therefore deny GEICO's motion on that basis. However, I grant GEICO's motion to dismiss for failure to state a claim because Jimenez's complaint alleges only that GEICO failed to comply with the terms of the contract "by, among other things, refusing Plaintiff full compensation under the uninsured/underinsured coverage provisions." ECF No. 1-1 at 6. This does not adequately allege literal compliance with the contractual terms required for breach of the implied covenant and the complaint uses the same allegations for both breach of contract and breach of the covenant of good faith and fair dealing. Jimenez's opposition relies on facts not included in her complaint, but I cannot consider those facts in determining the complaint's sufficiency on a motion to dismiss. *See Colony Cove Props., LLC v. City of Carson*, 640 F.3d 948, 955 (9th Cir. 2011). However, I grant Jimenez leave to amend because it is not clear that amendment would be futile. *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1118 (9th Cir. 2013) ("As a general rule, [d]ismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by any amendment.") (quotation omitted).

2. *Tortious Breach of the Implied Covenant*

GEICO argues Jimenez has not plausibly alleged facts that its valuation was without a reasonable basis and that GEICO knew it was without a reasonable basis. GEICO contends that the facts show a genuine dispute over valuation, which defeats a tortious bad faith claim as a

4

matter of law. Jimenez responds by adding factual detail in her response that is not contained in her complaint. She argues that when those additional facts are considered, she has adequately stated a claim. She also contends this not a good faith valuation dispute because she presented evidence of her injuries, and GEICO dragged out its evaluation, hired a biased doctor to perform the independent medical exam, and then refused to explain the basis for its valuation.

Under Nevada law, an insurer breaches the duty of good faith when it refuses "without proper cause to compensate its insured for a loss covered by the policy." *U.S. Fid. & Guar. Co. v. Peterson*, 540 P.2d 1070, 1071 (Nev. 1975). An insurer is without proper cause to deny a claim when it has an "actual or implied awareness" that no reasonable basis exists to deny the claim. *Am. Excess Ins. Co. v. MGM Grand Hotels, Inc.*, 729 P.2d 1352, 1354 (Nev. 1986). An unreasonable delay in payment can also constitute bad faith. *Guar. Nat. Ins. Co. v. Potter*, 912 P.2d 267, 272 (Nev. 1996) ("[T]his court has addressed an insurer's breach of the implied covenant of good faith and fair dealing as the unreasonable denial or delay of payment of a valid claim"). However, an "insurer does not act in bad faith merely because it disagrees with the claimant's estimation of his injuries or delays paying out benefits until it receives relevant documents or expert opinions." *Igartua v. Mid-Century Ins. Co.*, 262 F. Supp. 3d 1050, 1055 (D. Nev. 2017) (holding the insurer acted reasonably in handling an insured's claim, despite delaying payment several years, because there was a reasonable dispute about the extent of the insured's injuries and whether those injuries were caused by the accident).

GEICO argues that Jimenez's bad faith claim is premature because her breach of contract claim must be resolved first. But a plaintiff does not need to establish success on a contractual claim before proceeding with a bad faith claim. *Aiello v. Geico Gen. Ins. Co.*, 379 F. Supp. 3d 1123, 1129 (D. Nev. 2019). To find otherwise would require a plaintiff to commence two

separate lawsuits even if the facts establish that the insurer "breached the insurance contract and acted in bad faith within the same factual sequence." *Drennan v. Maryland Cas. Co.*, 366 F. Supp. 2d 1002, 1007 (D. Nev. 2005). I therefore deny GEICO's motion to dismiss on this basis.

However, I grant GEICO's motion to dismiss for failure to state a claim because Jimenez's complaint lacks allegations that GEICO denied coverage with an actual or implied awareness that there was no reasonable basis supporting its decision. While Jimenez raises additional facts in her response to GEICO's motion to dismiss that are relevant to this claim, I am limited to the face of the complaint in ruling on this motion. I therefore dismiss this claim, with leave to amend because it is not clear that amendment would be futile. *Sonoma Cty. Ass'n of Retired Emps.*, 708 F.3d at 1118.

*3. Unfair Practices*

GEICO argues there are no facts to support an unfair practices claim. Jimenez responds that she has adequately alleged GEICO failed to act with reasonable promptness in response to communications and failed to effectuate prompt and equitable settlement of Jimenez's claim because GEICO delayed several steps in the claims handling process. She also argues GEICO's refusal to explain the basis of its decision is an unfair practice.

Under Nevada Revised Statutes § 686A.310, an insurer is liable for damages if it engages in any of the various enumerated acts. Jimenez relies on three subsections of § 686A.310. First, subsection (b) makes it an unfair practice for an insurer to fail "to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies." Jimenez's complaint fails to state a claim under this subsection because she does not set forth any facts plausibly showing that GEICO did not promptly respond to communications.

Next, subsection (e) makes it an unfair practice for an insurer to fail "to effectuate prompt, fair and equitable settlements of claims in which liability of the insurer has become reasonably clear." The complaint fails to state a claim under this subsection because there are not enough factual allegations to make a reasonable inference that GEICO's liability had become reasonably clear.

Finally, subsection (n) makes it an unfair practice to fail "to provide promptly to an insured a reasonable explanation of the basis in the insurance policy, with respect to the facts of the insured's claim and the applicable law, for the denial of the claim or for an offer to settle or compromise the claim." The complaint adequately alleges a claim under this section. Jimenez alleges that GEICO twice failed to provide details about how it reached its valuation of her claim. ECF No. 1 at 5. Although GEICO disputes this factually in its reply, I cannot consider those facts on a motion to dismiss because they do not appear in the complaint. I therefore grant in part and deny in part GEICO's motion to dismiss Jimenez's unfair practices claim.

**B. Bifurcate or Stay**

Federal Rule of Civil Procedure 42(b) authorizes courts to order a separate trial of any claim when separation is in the interest of judicial economy, will further the parties' convenience, or will prevent undue prejudice. Fed. R. Civ. P. 42(b). The decision to bifurcate is within the court's discretion. *Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982). Bifurcation is particularly appropriate when resolution of a single claim or issue could be dispositive of the entire case. *Drennan*, 366 F. Supp. 2d at 1007. "However, bifurcation of the trial does not necessarily require bifurcation of discovery." *Id.*

There is no reason to bifurcate or stay Jimenez's bad faith claims at this stage. Jimenez's claims are intertwined, so separating and staying at this time would unnecessarily prolong the

process and waste judicial resources supervising two phases of discovery. I therefore deny GEICO's motion to stay and bifurcate. If GEICO feels bifurcation is prudent at some later stage of this case, it may move again at that time.

## II. CONCLUSION

I THEREFORE ORDER that defendant GEICO General Insurance Company's motion to dismiss **(ECF No. 7) is GRANTED in part and DENIED in part**.

I FURTHER ORDER that plaintiff Maria Jimenez may file an amended complaint on or before April 10, 2020.

I FURTHER ORDER that defendant GEICO General Insurance Company's motion to bifurcate and stay **(ECF No. 8) is DENIED**.

DATED this 24th day of March, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE